IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LOLA DESROSIER,

        Plaintiff,                      No. CIV S-03-2420 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.                   ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding plaintiff did not continue to be disabled for purposes of receiving Supplemental Security Income benefits ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

1

I.  Factual and Procedural Background

In a decision dated November 13, 2002, the ALJ determined plaintiff was no longer disabled and that her disability ceased as of August 1, 2001.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found that plaintiff was found disabled as of August 26, 1993; plaintiff has back and leg pain related to degenerative disc disease of the lumbar spine; since August 1, 1995, the time of the most recent favorable medical decision that plaintiff continued to be disabled, there has been medical improvement of plaintiff's condition related to her ability to work; plaintiff has a severe impairment; plaintiff is not totally credible; as of August 1, 2001, plaintiff has regained the residual functional capacity to perform the full range of light work; plaintiff cannot perform her past relevant work as an in-home care provider; based on the Medical-Vocational Rules, there are a significant number of jobs plaintiff can perform; plaintiff's disability ceased on August 1, 2001. Administrative Transcript ("AT") 17. Plaintiff contends the ALJ improperly shifted the burden of proof and should have obtained a consultative neurological and/or mental examination.

II.  Standard of Review

A prior determination of disability gives rise to a presumption that a disability benefit claimant is disabled. See Bellamy v. Secretary of Health & Human Serv., 755 F. 2d 1380, 1381 (9th Cir. 1985) (once a claimant has been found to be disabled, presumption of continuing disability arises in claimant's favor and Commissioner bears the burden of producing evidence sufficient to rebut presumption of continuing disability).[2] To terminate benefits,

---

[1] In this case, plaintiff's disability benefits were terminated based on a continuing disability review (CDR). This type of review is routinely conducted by the Commissioner to determine whether an individual is still disabled. A seven-step sequential process is used in the CDR evaluation for supplemental security income benefits. 20 C.F.R. § 416.994(f).

[2] Defendant's citation to Warren v. Bowen, 804 F.2d 1120 (9th Cir. 1986) appears to be inapposite. In Warren, the plaintiff had previously been awarded benefits but was not a current

therefore, the Secretary must come forward with some evidence that the claimant's condition has improved.  See Murray v. Heckler, 722 F.2d 499, 500-01 (9th Cir. 1983).  The burden remains, however, on the claimant to prove that she is disabled.  See Iida v. Heckler, 705 F.2d 363, 365 (9th Cir. 1983); see also Patti v. Schweiker, 669 F.2d 582, 586-87 (9th Cir. 1982) (although claimant retains the burden of proof, this presumption shifts the burden of production to the Secretary to produce evidence to meet or rebut the presumption).[3]  Evidence produced by the Secretary is reviewed under the substantial evidence standard.  Murray v. Heckler, 722 F.2d at 500.

        Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

---

recipient and had reapplied for benefits after the previously awarded benefits were terminated on nonmedical grounds.  In that situation, the presumption does not apply.  Warren v. Bowen, 804 F.2d 1120, 1121 (9th Cir. 1986), as amended at 817 F.2d 63 (9th Cir. 1987).  Moreover, the Warren court expressly noted that the presumption created by the Patti court for current beneficiaries was codified in 1984.  Id; see Patti v. Schweiker, 669 F.2d 582, 586-87 (9th Cir. 1982); but see 42 U.S.C. § 1382(a) (2005) (statute cited by Warren court further superseded).

[3] The regulations provide that no initial inference will be made as to the presence or absence of disability based on a prior determination of disability.  20 C.F.R. § 416.994.  That no initial inference may be made by the Commissioner when conducting a continuing disability review does not negate the obligation of the Commissioner to produce evidence of improvement in the claimant's medical condition.  42 U.S.C. § 1382c(a)(4)(A)(i)(I).  Principles of administrative res judicata compel this result.

substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, <u>see</u> <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, <u>see</u> <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.  <u>Analysis</u>

    A.  Burden of Proof

        Plaintiff contends the ALJ improperly shifted the burden of proof to plaintiff to establish disability.  As discussed above, plaintiff was entitled to a presumption of continuing disability but this presumption only shifted the burden of production to the Commissioner of coming forward with some evidence of medical improvement.  See <u>Bellamy v. Secretary of Health & Human Serv.</u>, 755 F. 2d at 1381.  Medical improvement is defined as any decrease in the medical severity of the impairment that was present at the time of the most recent favorable medical decision that the individual was disabled or continued to be disabled.  20 C.F.R. § 416.994(b)(1).

        Here, the ALJ expressly acknowledged the requirement of determining whether medical improvement had occurred since the comparison point decision and was guided in the evaluation by, and cited to, the applicable regulations.  AT 11-13.  Substantial evidence supports the finding of medical improvement.  AT 235-238, 261-269 (current treating physician and physical therapy records), 242-248 (consultative orthopedic examination), 250-258, 270-277 (residual functional capacity assessments by state agency reviewing physicians).  The Commissioner met her burden of coming forward with evidence of medical improvement; plaintiff did not meet her burden of establishing disability.

/////

/////

/////

4

B.  Development of the Record

Plaintiff also contends the ALJ should have obtained a consultative neurological examination and/or a consultative mental examination.  Disability hearings are not adversarial.  See DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991); see also Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (ALJ has duty to develop the record even when claimant is represented).  Whether evidence raises an issue requiring the ALJ to investigate further depends on the case.  Generally, there must be some objective evidence suggesting a condition that could have a material impact on the disability decision.  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Wainwright v. Secretary of Health and Human Services, 939 F.2d 680, 682 (9th Cir. 1991).  "Ambiguous evidence . . . triggers the ALJ's duty to 'conduct an appropriate inquiry.'"  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen, 80 F.3d at 1288).

Plaintiff's disability benefits originally were awarded on the basis of back pain due to disc herniation.  AT 146-148.  In the request for reconsideration of disability cessation, plaintiff claimed additional disabilities related to high blood pressure and carpal tunnel syndrome on the left side.  AT 187.  Plaintiff also claimed some mental limitations.  AT 195.  The medical records submitted by plaintiff do not support these bare assertions.  AT 235-238, 261-269.  Although plaintiff's blood pressure was recorded as 160/100 on February 22, 2001, subsequent records from July 2001 indicate plaintiff was prescribed high blood pressure medication and her blood pressure was recorded as 142/84.  AT 238, 243, 269.  The consultative orthopedic examiner found no abnormalities in the wrists or hands.  AT 245, 247.  On this bare record, with no ambiguities evident and no objective evidence supporting the claimed disabilities, the ALJ committed no error in failing to obtain a consultative neurological or mental examination.

/////
/////
/////
/////

5

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied; and
2. The Commissioner's cross-motion for summary judgment is granted.

DATED: September 29, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006/desrosier.ss